**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Argued September 27, 2005

Decided October 7, 2005

Before

**Hon.** RICHARD D. CUDAHY, Circuit Judge

**Hon.** RICHARD A. POSNER, Circuit Judge

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

No. 05-1336

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*,

    *v.*

RAYMOND E. DAVENPORT,
    *Defendant-Appellant*.

Appeal from the United States District Court for the Southern District of Indiana, Evansville Division.

No. EV 03-027-CR-01-Y/H
Richard L. Young, *Judge*.

## Order

A jury convicted Raymond Davenport of interstate transportation of a minor with intent to engage in criminal sexual activity, see 18 U.S.C. §2423(a), and the judge sentenced him to 96 months' imprisonment. Davenport's lead argument is that the judge should not have permitted Kenneth Lanning to testify as an expert about how pedophiles use the Internet to exploit children—first because what he said was obvious, and second because the testimony usurped the jurors' role and "intimidated" them into returning a verdict of guilty. These contentions are inconsistent—if the jurors already knew what Lanning related, how can his testimony have affected, let alone dominated and controlled, their deliberations?—but both can be wrong, and they are.

Whether what jurors know (or think they know) about criminal conduct is *right* is an important question on which social science may be illuminating. Disabusing jurors of mistaken "common knowledge," and helping them to sift facts from suppositions, are important functions of experts. That's why we held in *United States v.*

*Romero*, 189 F.3d 576, 587 (7th Cir. 1999), that district judges are free to admit testimony of this kind, and Lanning's testimony in particular. Davenport does not deny Lanning's expertise under the standard of Fed. R. Evid. 702. As for the possibility that expert testimony might invade the jury's province: that has been no objection since the Federal Rules of Evidence were adopted in 1975. See Fed. R. Evid. 704(a). Lanning did not threaten the jurors; Davenport's contention that he "intimidated" them (so that the judge should have granted a mistrial) is baseless.

During the trial the judge allowed the prosecutor to present evidence about sexually oriented drawings found in Davenport's home, links to sexually oriented web sites found on Davenport's computer, plus transcripts of Internet "chats" that Davenport had conducted with a minor other than "Julie," the victim in this case. Davenport contends that this was used to establish propensity and thus should have been excluded under Fed. R. Evid. 404(b), but the district judge did not abuse his discretion in concluding otherwise. Davenport's defense was that he traveled from Arizona to Indiana in order to rescue Julie from abusive parents rather than to engage in sexual activity. (Though they *did* engage in petting and masturbation in the hours between Julie's disappearance from her home and Davenport's apprehension in a Kentucky hotel room that he shared with Julie.) That defense presented a question about his intent, and evidence that his thoughts turned to sex rather than rescue when it came to other minors helped the jury evaluate his intent.

Finally, Davenport contends that the sentence, imposed after *United States v. Booker*, 125 S. Ct. 738 (2005), must not exceed 60 months (the statutory minimum) because anything higher rests on a judicial finding by a preponderance of the evidence that he engaged in sexual activity with Julie. Yet the remedial opinion in *Booker* concludes that judges may resolve factual disputes by a preponderance of the evidence, as long as they do not treat the Sentencing Guidelines as mandatory. The district judge in this proceeding understood and applied *Booker* correctly. See *United States v. Dean*, 414 F.3d 725 (7th Cir. 2005); *United States v. Mykytiuk*, 415 F.3d 606 (7th Cir. 2005). Davenport does not contend that the judge's finding is unsupported by the evidence or that the sentence is unreasonable. It is one month below the Guideline range; Davenport has no legitimate complaint.

AFFIRMED